**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PATRICIA GRAHAM,

Plaintiff,

-against-

BRISTOL-MYERS SQUIBB COMPANY;
CHANEL, INC.;
COLGATE-PALMOLIVE CO.;
HONEYWELL INTERNATIONAL, INC. fka Allied Signal, Inc/ Bendix;
JOHNSON & JOHNSON;
JOHNSON & JOHNSON CONSUMER INC. (f/k/a Johnson & Johnson Consumer Companies Inc.);
LAURA MERCIER COSMETICS;
L'OREAL USA, INC., f/k/a Cosmair, Inc.;
M.A.C. COSMETICS INC.;
MERLE NORMAN COSMETICS, INC.;
REVLON, INC.;
SHISEIDO AMERICAS CORPORATION;
THE ESTEE LAUDER COMPANIES INC.;
THE PROCTOR & GAMBLE COMPANY, individually and as successor in interest to YARDLEY OF LONDON, INC., YARDLEY OF LONDON, LTD., and YARDLEY OF LONDON (U.S.), LLC; and MAX FACTOR & COMPANY;
UNION CARBIDE CORPORATION;
WHITTAKER, CLARK & DANIELS INC.;
YVES SAINT LAURENT AMERICA, INC.;

Defendants.

Case No.: 1:20-cv-8876

**NOTICE OF REMOVAL OF DEFENDANT REVLON CONSUMER PRODUCTS CORPORATION**

# <u>NOTICE OF REMOVAL OF DEFENDANT REVLON CONSUMER PRODUCTS CORPORATION</u>

Defendant Revlon Consumer Products Corporation, incorrectly sued as "Revlon, Inc." ("Revlon" herein), files this Notice of Removal of the above-titled action from the Supreme Court

of the State of New York, County of New York, in which it is now pending, to the United States District Court, Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1332. In support of its removal, Revlon respectfully states the following:

**Preliminary Matters**

1. On or about October 21, 2020, Plaintiff Patricia Graham ("Plaintiff") filed a Complaint for personal injury in Supreme Court of the State of New York, County of New York. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of this Complaint is attached hereto and incorporated herein as Exhibit A. It does not state where Plaintiff resides.

2. On October 23, 2020, Plaintiff served Interrogatory Responses that state she is a citizen of the State of Florida and currently resides in St. Augustine, Florida. A true and correct copy of Plaintiff's Interrogatory Responses is attached hereto and incorporated herein as Exhibit B. *See* Exhibit B, at Responses No.: 1.

3. Plaintiff alleges that Patricia Graham developed mesothelioma as a result of her exposure to "asbestos contaminated products". *See* Exhibit A, at ¶ 3.

4. Based on Revlon's knowledge and information, no defendant that is incorporated and/or has its principal place of business in New York has been served with the Complaint as of the filing of this Notice of Removal.

5. This case is removable based on diversity of citizenship and the amount in controversy under 28 U.S.C. § 1332(a).

6. Since, as noted, none of Revlon's co-defendants has been served with the Complaint as of the filing of this Notice, consent to this removal is not required. However, based on information and belief, all other defendants named in the Complaint would consent to removal of this case.

## Nature of the Case

7. This case is based on allegations that Plaintiff Patricia Graham developed mesothelioma by exposure to asbestos and/or asbestos-contaminated products.

8. Plaintiff asserts personal injury causes of action against all of the defendants, including Revlon.

## Grounds for Removal

9. This is a civil action over which this Court has original jurisdiction under 18 U.S.C. § 1332, based on diversity of citizenship and the amount in controversy, and is removable to this Court by Revlon pursuant to the provisions of 28 U.S.C. §§ 1441(b) and (c).

10. At the time of the filing of the Complaint and the service of Plaintiff's Interrogatory Responses, pursuant to the averments contained therein, Plaintiff resides in St. Augustine, Florida. See Exhibit B, Response No.: 1.

11. REVLON is a New York corporation with its principal place of business in New York.

12. Upon information and belief, Co-Defendant BRISTOL-MYERS SQUIBB COMPANY is a Delaware corporation with its principal place of business in New Jersey.

13. Upon information and belief, Co-Defendant CHANEL, INC. is a New York corporation with its principal place of business in New York.

14. Upon information and belief, Co-Defendant COLGATE-PALMOLIVE CO. is a New York corporation with its principal place of business in New York.

15. Upon information and belief, Co-Defendant HONEYWELL is a Delaware corporation with its principal place of business in New Jersey.

16. Upon information and belief, Co-Defendant JOHNSON & JOHNSON is a New Jersey corporation with its principal place of business in New Jersey.

17. Upon information and belief, Co-Defendant JOHNSON & JOHNSON CONSUMER INC. (f/k/a Johnson & Johnson Consumer Companies Inc.) is a New Jersey corporation with its principal place of business in New Jersey.

18. Upon information and belief, Co-Defendant LAURA MERCER COSMETICS is a DBA entity in New York.

19. Upon information and belief, Co-Defendant L'OREAL USA, INC., f/k/a Cosmair, Inc. is a Delaware corporation with its principal place of business in New York.

20. Upon information and belief, Co-Defendant M.A.C. COSMETICS INC. is a Delaware corporation with its principal place of business in New York.

21. Upon information and belief, Co-Defendant MERLE NORMAN COSMETICS, INC. is a California corporation with its principal place of business in California.

22. Upon information and belief, Co-Defendant SHISEIDO AMERICAS CORPORATION is a New York corporation with its principal place of business in New Jersey.

23. Upon information and belief, Co-Defendant THE ESTEE LAUDER COMPANIES INC. is a Delaware corporation with its principal place of business in New York.

24. Upon information and belief, Co-Defendant THE PROCTER & GAMBLE COMPANY is an Ohio corporation with its principal place of business in Ohio.

25. Upon information and belief, Co-Defendant UNION CARBIDE CORPORATION is a New York corporation with its principal place of business in Texas.

26. Upon information and belief, Co-Defendant WHITTAKER, CLARK & DANIELS, INC. is a New Jersey corporation with its principal place of business in New Jersey.

27. Upon information and belief, Co-Defendant YVES SAINT LAURENT AMERICA, INC. is a New York corporation with its principal place of business in New Jersey.

28. Upon information and belief, the amount in controversy in this action, which includes the costs of indemnity for any adverse judgment against defendant, exceeds $75,000.00, exclusive of interests and costs.

29. Accordingly, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), this Court possesses original jurisdiction of this action because Plaintiff is diverse from all Defendants and the amount in controversy exceeds $75,000 and, therefore, complete diversity exists.

30. Moreover, since this Notice of Removal is being filed before any of the defendants have been properly served with the Complaint, removal is proper pursuant to 28 U.S.C. 1441(b)(2).

31. Further, the Southern District of New York includes New York County, where the original action is pending.

32. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Supreme Court for New York County, as required by 28 U.S.C. § 1446(d).

33. Written notice of the filing of this Notice of Removal will be given to all parties.

34. No admission of fact, law, or liability, is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved by Revlon.

35. WHEREFORE, Defendant Revlon, Inc., hereby removes the action entitled Patricia Graham, Supreme Court of the State of New York, County of New York, where it is currently pending, to the United States District Court, Southern District of New York.

Dated: October 23, 2020
New York, New York

**HAWKINS PARNELL & YOUNG, LLP**

By: ______________________________

Timothy M. McCann, Esq.
Walsy Saez Aguirre, Esq.
600 Lexington Avenue, 8th Floor
New York, New York 10022
Tel: (212) 897-9655
tmccann@hpylaw.com
wsaez@hpylaw.com
*Attorneys for Defendant Revlon Consumer Products Corporation*