UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
PATRICIA GRAHAM,

Plaintiff,

v.

BRISTOL-MYERS SQUIBB COMPANY, *et al.*,

Defendants.
--------------------------------------------------------------------X

Case No.: 1:20-cv-8876

**REVLON CONSUMER PRODUCTS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT, CROSS-CLAIMS AND ANSWER TO CROSS CLAIMS OF ANY OTHER PARTY**

Defendant Revlon Consumer Products Corporation, incorrectly sued as "Revlon, Inc." (hereinafter "Revlon"), by and through its attorneys, Hawkins Parnell & Young LLP, hereby answers the Plaintiff's Complaint (hereinafter referred to as the "*Graham* Complaint"), dated October 21, 2020, as follows:

1. Paragraph 1 of the *Graham* Complaint contains no allegations warranting a response, and to the extent a response is required, Revlon denies all allegations as they pertain to Revlon and is without knowledge or information as to the truth of the allegations as they pertain to any other Defendant.

2. In response to Paragraphs 2 and 3 of the *Graham* Complaint, Revlon denies all allegations as they pertain to Revlon and is without knowledge or information as to the truth of the allegations as they pertain to any other Defendant.

3. Revlon denies all allegations set forth in Paragraph 4 through 23 of the *Graham* Complaint as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth in Paragraph 4 through 23 of the *Graham* Complaint as they pertain to

other defendants and refers all questions of law to the Court.

4. Revlon denies all allegations set forth in Paragraphs 24 and 25 of the *Graham* Complaint, except admits it does business in the State of New York.

5. Revlon denies all allegations set forth in Paragraphs 26 through 31 of the *Graham* Complaint as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth in Paragraphs 26 through 31 of the *Graham* Complaint as they pertain to other defendants and refers all questions of law to the Court.

6. In response to the last unnumbered paragraph of the *Graham* Complaint, in which Plaintiffs refer to the Karst & Von Oiste Second Amended Standard Complaint for Personal Injury No.: 3 (hereinafter "the Standard Complaint"), Revlon hereby answers as follows:

7. The first unnumbered paragraph of the Standard Complaint contains no allegations warranting a response, and to the extent a response is required, Revlon denies all allegations as they pertain to Revlon and is without knowledge or information as to the truth of the allegations as they pertain to any other Defendant.

**THE PARTIES**

8. Revlon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Standard Complaint.

9. Revlon denies all allegations set forth in Paragraphs 2 and 3 of the Standard Complaint as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth in Paragraphs 2 and 3 of the Standard Complaint as they pertain to other defendants and refers all questions of law to the Court.

10. Revlon denies all allegations set forth in Paragraphs 4 through 293 of the Standard Complaint. Revlon is without knowledge or information as to the truth of the allegations set forth

in Paragraphs 4 through 293 of the Standard Complaint as they pertain to other defendants and refers all questions of law to the Court.

**AS AND FOR AND ANSWER TO A FIRST CAUSE OF ACTION SOUNDING IN NEGLIGENCE**

11. With respect to Paragraph 294, Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

12. Revlon denies the allegations contained in Paragraphs 295 through 303, including all subparagraphs therein, as they pertain to Revlon. Revlon denies knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO A SECOND CAUSE OF ACTION SOUNDING IN STRICT LIABILITY**

13. With respect to Paragraph 304, Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

14. Revlon denies the allegations contained in Paragraphs 304 through 317 as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO A THIRD CAUSE OF ACTION SOUNDING IN BREACH OF WARRANTY**

15. With respect to Paragraph 318, Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

16. Revlon denies the allegations contained in Paragraphs 319 through 322 as they

pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all questions of law to the court.

**AS AND FOR AN ANSWER TO A FOURTH CAUSE OF ACTION SOUNDING IN FAILURE TO WARN**

17. With respect to Paragraph 323, Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

18. Revlon denies the allegations contained in Paragraphs 324 through 339 as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all questions of law to the court.

**AS AND FOR AN ANSWER TO A FIFTH CAUSE OF ACTION SOUNDING IN CONSPIRACY AND COLLECTIVE LIABILITY/CONCERT OF ACTION**

19. With respect to Paragraph 340, Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

20. Revlon denies the allegations contained in Paragraphs 341 through 355, including all subparagraphs contained therein, as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO A SIXTH CAUSE OF ACTION AGAINST DEFENDANT CONTRACTORS**

21. With respect to Paragraph 356, Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

22. Revlon denies the allegations contained in Paragraphs 357 through 368 and the

second Paragraph designated "324" as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO A SEVENTH CAUSE OF ACTION FOR PREMISES LIABILITY AGAINST CERTAIN DEFENDANTS**

23. With respect to the second Paragraph designated "325", Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

24. The allegations contained in the second Paragraphs designated "326" through "346", including all subparagraphs contained therein, do not apply to Revlon and, therefore, do not require a response. To the extent that a response is required, Revlon has no knowledge or information sufficient to form a belief as to the truth thereof and, therefore, denies same.

**AS AND FOR AN ANSWER TO AN EIGHTH CAUSE OF ACTION ALLEGING A MANUFACTURE OR DESIGN DEFECT**

25. With respect to the second Paragraph designated "347", Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

26. Revlon denies the allegations contained in the second Paragraphs designated "348" through "356" as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO A NINTH CAUSE OF ACTION, LIABILITY AGAINST "DUST MASK" DEFENDANTS**

27. With respect to the second Paragraph designated "357", Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

28. The allegations contained in the second Paragraphs "358" through "364" do not apply to Revlon and therefore, do not require a response. To the extent that a response is required, Revlon has no knowledge or information sufficient to form a belief as to the truth thereof and, therefore, denies same.

**AS AND FOR AN ANSWER TO A TENTH CAUSE OF ACTION, JOINT AND SEVERAL LIABILITY – EXCEPTIONS TO ARTICLE 16**

29. With respect to the second Paragraph "365", Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

30. Revlon denies the allegations set forth in the second Paragraphs "366" and "377" as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO AN ELEVENTH CAUSE OF ACTION, SPOUSAL LOSS OF CONSORTIUM**

31. With respect to the second Paragraph designated "378", Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

32. Revlon denies the allegations set forth in the second Paragraphs designated "369" and "370" as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all issues of law to the Court.

**AS AND FOR AN ANSWER TO A TWELFTH CAUSE OF ACTION, PUNITIVE DAMAGES**

33. With respect to the second Paragraph designated "371" of the Standard Complaint,

Revlon repeats and reiterates its responses to the allegations contained in all preceding paragraphs of the Standard Complaint with the same force and effect as if fully set forth herein.

34. Revlon denies the allegations set forth in the second Paragraphs designated "372" and "373" as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all issues of law to the Court.

35. Revlon denies the allegations set forth in the last unnumbered paragraph of the Standard Complaint as they pertain to Revlon. Revlon is without knowledge or information as to the truth of the allegations set forth therein as they pertain to any other defendant, and refers all issues of law to the Court.

**AS AND FOR A**

**FIRST AFFIRMATIVE DEFENSE**

1. All claims are time-barred by the applicable Statute of Limitations.

**AS AND FOR A**

**SECOND AFFIRMATIVE DEFENSE**

2. All causes of action have not been maintained in a timely fashion, and Plaintiffs' have neglected the same and should be barred by the doctrine of laches.

**AS AND FOR A**
**THIRD AFFIRMATIVE DEFENSE**

3. The Court lacks jurisdiction over the subject matter of this action.

**AS AND FOR A**
**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs lack personal jurisdiction over REVLON.

**AS AND FOR A**

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiffs' claims are barred by the doctrine of waiver.

**AS AND FOR A**

**SIXTH AFFIRMATIVE DEFENSE**

6. The Complaint, and each and every allegation considered separately, fails to state any cause of action against REVLON upon which relief can be granted.

**AS AND FOR A**

**SEVENTH AFFIRMATIVE DEFENSE**

7. Since Plaintiffs are unable to identify the manufacturers of the substance, product, or equipment which allegedly caused the injury, Plaintiffs fail to state a claim upon which relief may be granted, since if such relief were granted, it would deprive REVLON of its constitutional rights to substantive and procedural due process of law and equal protection under the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States.

**AS AND FOR A**

**EIGHTH AFFIRMATIVE DEFENSE**

8. The causes of action asserted herein by Plaintiffs, who admittedly are unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that Plaintiffs have asserted claims for relief which, if granted, would constitute a taking of private property for public use, without just compensation. Such a taking would contravene REVLON's constitutional rights as preserved for it by the Fourteenth Amendment of the Constitution of the United States.

**AS AND FOR A**

**NINTH AFFIRMATIVE DEFENSE**

9. Revlon asserts that if Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised Plaintiffs' claims herein, then accordingly, said claims are barred or reduced by payment, accord, satisfaction, arbitration and award, release and res judicata.

**AS AND FOR A**

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiffs' claims for exemplary or punitive damages against Revlon violate Revlon's rights under Article 1, §§ 1, 10, and 19 and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, the Constitution of the State of Jersey, and any other state's law that might apply, in that such damages deprive Revlon of procedural and substantive Due Process; subject Revlon to Double Jeopardy; deprive Revlon of Equal Protection; give the jury unfettered discretion to award punitive damages on vague grounds with no objective standards, without the presumption of innocence, and improperly allows for joint and several liability resulting in different penalties for the same or similar acts.

**AS AND FOR AN**

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The allegations set forth in the Amended Complaint do not state a claim against Revlon which would authorize or entitle Plaintiffs' to recover punitive or exemplary damages as set forth under the laws of New York.

**AS AND FOR A**

**TWELFTH AFFIRMATIVE DEFENSE**

12. Any award for punitive damages based on anything other than Revlon's conduct in connection with the distribution of the product that is subject of this lawsuit would

violate the due process clause of the Fourteenth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of New York because any other judgment for punitive damages in this case cannot protect Revlon against impermissible multiple punishment for the same wrong.

**AS AND FOR A**

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Upon information and belief, Revlon conformed to the scientific knowledge and data available to the industry and fulfilled its obligations, if any, and its activities and undertakings, if any, were conducted in a reasonable fashion, without recklessness, malice or wantonness, and Plaintiffs' may not recover herein any exemplary or punitive damages against Revlon.

**AS AND FOR A**

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Each and every count of Plaintiff's Complaint, to the extent the count pertains to the manufacture and sale of talc-containing cosmetic products, is preempted by the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301-399(a) (2015), in that the FDA has primary and exclusive jurisdiction over the safety of cosmetic talc-containing products and primary and exclusive jurisdiction to determine whether any warning must accompany cosmetic talc-containing products. The FDA has ruled, on multiple occasions, that cosmetic grade talc is a safe substance when used as intended and further ruled that manufacturers need not provide any warnings on, or in connection with the sale of, cosmetic grade talc-containing products. Each and every count of Plaintiff's complaint, to the extent the count pertains to cosmetic talc-containing

products, is also preempted, in whole or in part, by other applicable state and/or federal statutes, rules, standards and/or regulations.

**AS AND FOR A**

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Each and every count of Plaintiff's Complaint, to the extent the count pertains to the manufacture and/or sale of talc-containing cosmetic products, is subject to the FDA's primary jurisdiction. Consequently, each and every count of Plaintiff's Complaint, to the extent that it pertains to talc-containing cosmetic products, should be dismissed or stayed pending further FDA review of whether any warning must accompany, or other restrictions be placed upon the manufacture and sale of, talc-containing cosmetic products. Each and every count of Plaintiffs' Complaint, to the extent the count pertains to the manufacture and/or sale of cosmetic grade talc- containing products, is an unauthorized and improper attempt to enforce privately a claim under the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301-399(a)(2015).

**AS AND FOR A**

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. The Amended Complaint on its face shows a misjoinder of parties. Additionally, Plaintiffs have failed to join proper, necessary, and indispensable parties to this action, some of whom cannot be made parties.

**AS AND FOR A**

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Revlon is not a proper party defendant.

**AS AND FOR A**

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. If Plaintiffs' should prove that injuries and damages were sustained as alleged, such injuries and damages resulted from intervening and/or interceding acts and/or omissions of superseding negligence on the part of third parties over whom Revlon had neither control nor right of control.

**AS AND FOR A**

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiffs' cannot prove a prima facie case as Revlon breached no duty whatsoever to Plaintiffs' whether arising by statute, by common law, or otherwise, including but not limited to any duty to warn of any dangers; and no act or omission by Revlon proximately caused or proximately contributed to Plaintiffs' alleged injuries or damages.

**AS AND FOR A**

**TWENTIETH AFFIRMATIVE DEFENSE**

20. While denying Plaintiffs' allegations with respect to liability, to the extent that negligence or improper conduct may be proved, the acts of Revlon are not a proximate cause of any injuries to Plaintiffs.

**AS AND FOR A**

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. At all times during the conduct of their corporate operations, the agents, servants and/or employees of Revlon complied with all applicable law, regulations, standards and the available knowledge and technology of the medical, scientific and industrial communities.

**AS AND FOR A**

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. If it should be proven at the time of trial that any of Revlon's products were furnished to Plaintiffs' employers or to the United States Government and that Plaintiffs' came into contact with these products, which is specifically denied, then any such product was furnished in strict conformity to the conditions specified or to the specifications furnished by Plaintiffs' employers and/or the United States Government.

**AS AND FOR A**
**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Plaintiffs', and to the extent applicable, Plaintiffs' co-workers and employers, misused, abused, mistreated and misapplied the products and materials as alleged in the Complaint, and in the exercise of ordinary care could have avoided the consequences of any alleged negligence on the part of Revlon, there can be no recovery against Revlon.

**AS AND FOR A**
**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. If the Court finds that any misuse, abuse, mistreatment and/or misapplication of the products caused and/or contributed to the alleged damages or injuries to Plaintiffs', then Revlon requests that the amount of damages which might be recovered shall be diminished by the proportion which the same misuse, abuse, mistreatment and/or misapplication attributed to the Plaintiffs', Plaintiffs' co-workers, and/or employers bears to the conduct which caused the alleged injuries or damages.

**AS AND FOR A**
**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Revlon neither gave, made, nor otherwise extended any warranties, whether express or implied, upon which Plaintiffs' had a right to rely.

**AS AND FOR A**

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Any oral warranties upon which Plaintiffs' allegedly relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

**AS AND FOR A**

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. As to all the causes of action pleaded in the Amended Complaint which may be based upon express or implied warranties and/or representations, such causes of action are legally insufficient, as against Revlon, by reason of Plaintiffs' failure to allege privity of contract between Plaintiffs' and Revlon, which is specifically denied.

**AS AND FOR A**

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. In the event that any breach of express or implied warranty is proven, Plaintiffs' failed to give proper and prompt notice of any such breach of warranty to Revlon.

**AS AND FOR A**

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. Plaintiffs' did not directly or indirectly purchase any asbestos-containing products from Revlon, and Plaintiffs' neither received nor relied upon any warranty or representation that may be alleged to have been made by Revlon.

**AS AND FOR A**

**THIRTIETH AFFIRMATIVE DEFENSE**

30. To the extent to which the causes of action pleaded by Plaintiffs' fail to accord with the Uniform Commercial Code, including, but not limited to Section 2-725 thereof, the Amended Complaint is time-barred.

**AS AND FOR A**

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Revlon denies that Plaintiffs had any exposure to any asbestos-containing and/or asbestos-contaminated product allegedly processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold, and/or otherwise placed in the stream of commerce by Revlon, and more particularly, denies, upon information and belief, that Revlon processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold and/or otherwise placed in the stream of commerce any asbestos-containing product at the times and upon the dates alleged in the Complaint.

**AS AND FOR A**

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32. Revlon denies specifically that, during the periods of exposure alleged in the Amended Complaint by the Plaintiffs, it processed, manufactured, designed, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold and/or otherwise placed in the stream of commerce any asbestos-containing and/or asbestos-contaminated products to which Plaintiffs was caused to come into contact and which caused Plaintiffs' to breathe, inhale and digest and which thereby caused Plaintiffs' injuries and Plaintiffs' resulting damages alleged in the Complaint.

**AS AND FOR A**

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33. In the event it should be proven at the time of trial that all defendants are subject to market share liability, then Revlon's share of such liability would constitute such a *de minimus* amount as to make its contribution for damages negligible, and Revlon would be entitled to contribution, either in whole or in part, from the co-defendants not represented by this answer.

**AS AND FOR A**

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34. Revlon specifically denies that the products alleged in the Amended Complaint are products within the meaning and scope of the Restatement of Torts §402A, and as such, the Amended Complaint fails to state a cause of action in strict liability.

**AS AND FOR A**

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35. Revlon specifically denies that the products alleged in the Amended Complaint are products within the meaning and scope of the Restatement of Torts §402A, and as such, the Amended Complaint fails to state a cause of action in strict liability.

**AS AND FOR A**

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36. The doctrine of strict liability in tort is inapplicable to this litigation.

**AS AND FOR A**

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

37. Plaintiffs contributed to their injuries by the use, either in whole or in part, of other substances, products, medications and/or drugs.

**AS AND FOR A**

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

38. Plaintiffs and/or their employers were sophisticated purchasers/users of the subject product upon whom devolved all responsibility for the use of the products referred to in the Complaint.

**AS AND FOR A**

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

39. At all times material hereto, the state of the medical, industrial, and scientific arts, knowledge and technology was that there was no generally accepted or recognized

knowledge of any unavoidably unsafe, inherently dangerous, hazardous or defective character or nature of any talc-containing products when used in the manner and for the purposes intended, so that there was no duty by Revlon to know of such character or nature or to warn Plaintiffs' or others similarly situated, and that, to the extent such duty arose, adequate warnings either were given or were not necessary under all circumstances.

**AS AND FOR A**

**FORTIETH AFFIRMATIVE DEFENSE**

40. Revlon asserts the state-of-the-art defense insofar as knowledge of the dangers of what Plaintiffs' complain was not known and could not reasonably have been discovered at the time such products were manufactured, sold or otherwise placed into the stream of commerce.

**AS AND FOR A**

**FORTY-FIRST AFFIRMATIVE DEFENSE**

41. To the extent Plaintiffs assert any claim against Revlon as a seller of a product that Revlon had no knowledge of any defect in any product and could not have discovered any alleged defect in such product while exercising ordinary care.

**AS AND FOR A**

**FORTY-SECOND AFFIRMATIVE DEFENSE**

42. All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to the Amended Complaint to the extent same are applicable and not adverse to Revlon. In addition, Revlon will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby

specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses

**AS AND FOR A**

**FORTY-THIRD AFFIRMATIVE DEFENSE**

43. Revlon reserves the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which Plaintiffs' bases their claims for relief, and upon completion of further discovery.

**AS AND FOR A**

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

44. To the extent Plaintiffs' claims arise from the course of their employment, their claims are barred by the exclusive remedies provisions of the applicable federal and state workers' compensation laws.

**AS AND FOR A**

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

45. To the extent Plaintiffs' claims arise from the course of their employment, Revlon alleges that Plaintiffs' claims in their entirety and each of them individually, as well as this action are preempted by federal statutes and regulations governing work place exposure to asbestos.

**AS AND FOR A**

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

46. This action cannot be maintained as there is another action pending for the same relief.

**AS AND FOR A**

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

47. Plaintiffs' claims should be dismissed on grounds of improper venue and/or *forum non conveniens*.

**AS AND FOR A**

**<u>FORTY-EIGHTH AFFIRMATIVE DEFENSE</u>**

48. Plaintiffs' claims should be dismissed on grounds of improper service of process.

**AS AND FOR A**

**<u>FORTY-NINTH AFFIRMATIVE DEFENSE</u>**

49. Revlon reserves the right to move for a severance of the various allegations in the Complaint.

**AS AND FOR A**

**<u>FIFTIETH AFFIRMATIVE DEFENSE</u>**

50. Any damages which may have been sustained by Plaintiffs' were caused or contributed to by reason of the culpable conduct of the Plaintiffs'.

**AS AND FOR A**

**<u>FIFTY-FIRST AFFIRMATIVE DEFENSE</u>**

51. Insofar as the Complaint, and each cause of action considered separately, alleges a cause of action to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the Plaintiffs', including contributory negligence, comparative negligence, gross negligence, and/or assumption of risk, in the proportion which the culpable conduct attributable to Plaintiffs' bear to the culpable conduct which caused the damages.

**AS AND FOR A**

**<u>FIFTY-SECOND AFFIRMATIVE DEFENSE</u>**

52. Plaintiffs' claims are barred by reason of Plaintiffs' culpable conduct, pursuant to theories of contributory negligence and assumption of risk, to the extent they seek damages accruing on or after September 1, 1975.

**AS AND FOR A**

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

53. The Amended Complaint fails to set forth any allegations against Revlon with sufficient particularity to constitute a cause of action for fraud, fraudulent concealment, concert of action, conspiracy, or the like. Therefore, no fraud claims have been properly brought by this Amended Complaint and any future claims of fraud raised in this manner are equally non-compliant and barred.

**AS AND FOR A**

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

54. The injuries allegedly suffered by the Plaintiffs, if any, which injuries are specifically denied by Revlon, were the result of the culpable conduct or fault of third persons for whose conduct Revlon is not legally responsible, and the damages recovered by the Plaintiffs, if any, should be diminished or reduced in proportion to said culpable conduct which caused the damages. Any liability on the part of Revlon, which liability is specifically denied, is fifty percent or less of the liability of all entities who are the cause of the alleged injuries, if any, and the liability of Revlon for non-economic loss does not exceed Revlon's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss pursuant to Civil Practice Law and Rules Section 1601 through 1603.

**AS AND FOR A**

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

55. Plaintiffs' damages, if any, are limited by the applicable laws of the State of New York with respect to comparative negligence.

**AS AND FOR A**

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

56. Revlon does not admit culpability or liability to Plaintiffs, but to the extent permitted, is entitled to a setoff of damages based on reimbursement to Plaintiffs' from collateral sources pursuant to CPLR Section 4545.

**AS AND FOR A**

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

57. Plaintiffs' claims that Revlon's products were capable of releasing asbestos fibers into the air is inconsistent with the science and must be considered speculative as a matter of law.

**AS AND FOR A**

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

58. Any Revlon products that Plaintiffs claim exposure to were designed, manufactured and marketed in accordance with the State of the Art before leaving Revlon's control.

**AS AND FOR A**

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

59. As to each and every cause of action, Revlon alleges that all of its conduct and activities as alleged in the Amended Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at all relevant times.

**AS AND FOR A**

**SIXTIETH AFFIRMATIVE DEFENSE**

60. As to each and every cause of action, Revlon alleges that Plaintiffs' injuries and damages, if any, were proximately caused or contributed to by Plaintiffs' unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitive reactions for which Revlon is not liable.

**AS AND FOR A**

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

61. Plaintiffs failed to timely notify Revlon of any alleged defect with respect to its products, Revlon denies that there was any design or manufacturing defect or any other defect for which it was responsible in its product, with the result being that there can be no recovery against Revlon.

**AS AND FOR A**

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

62. Revlon's products were neither defective nor unreasonably dangerous and could not have caused the injury and/or damage alleged in the Complaint. Thus, there can be no recovery against Revlon.

**AS AND FOR A**

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

63. Revlon has fully complied with all applicable governmental laws and regulations with regard to labeling and publishing cautionary instructions with respect to its products with the result that Revlon has breached no duty, if any such duty ever existed, to warn and thus there can be no recovery against Revlon.

**AS AND FOR A**

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

64. On information and belief, Revlon alleges that Plaintiffs' agents negligently or intentionally failed to preserve, and permitted the spoliation of, material evidence, including but not limited to the products which Plaintiffs' allege give rise to Plaintiffs' Complaint. Such conduct bars Plaintiffs' action and/or gives rise to liability on the part of Plaintiffs for damages payable to Revlon.

**AS AND FOR A**

**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

65. There is no concert of action between Revlon and any of the other defendants herein. Defendants are not joint tortfeasors and accordingly, Revlon may not be held jointly and severally liable with the other defendants.

**AS AND FOR A**

**SIXTY-SIXTH AFFIRMATIVE DEFENSE**

66. Plaintiffs' causes of action pertaining to loss of consortium are barred because Plaintiffs and/or Decedents were not married at the time the alleged injury occurred.

**AS AND FOR A**

**SIXTY-SEVENTH AFFIRMATIVE DEFENSE**

67. Any loss or disruption of marital services, society, affection, companionship or sexual relations of Plaintiffs' was not proximately caused by any conduct, act, or omission on the part of Revlon.

**AS AND FOR A**

**SIXTY-EIGHTH AFFIRMATIVE DEFENSE**

68. The Amended Complaint fails to plead "plain and concise statements," as required by CPLR § 3014. Further, Revlon vehemently denies all allegations within lengthy and imprecise narratives in the Amended Complaint, especially those in which

Plaintiffs allege that the current business practices of the cosmetic and talc industry intentionally make consumers susceptible to asbestos exposure.

**AS AND FOR A**

**SIXTY-NINTH AFFIRMATIVE DEFENSE**

69. Plaintiffs' Cause of Action in the Amended Complaint for Negligence Per Se relies upon N.Y. Education Law Section 6811, under which Revlon was not subject to nor responsible, especially with respect to the products at issue as plead by Plaintiffs.

**AS AND FOR A**

**SEVENTIETH AFFIRMATIVE DEFENSE**

70. Plaintiffs' Fifth Cause of Action in the Amended Complaint for Fraudulent Misrepresentation and Conspiracy describes activities protected by the *Noerr-Pennington* Doctrine. No facts are pled asserting any specific activity of Revlon, and Revlon vehemently denies all allegations therein. Further, studies referred to in Plaintiffs' Ninth Cause of Action are irrelevant to Defendant, as no studies pertain to the products at issue as plead by Plaintiffs.

**AS AND FOR A**

**SEVENTY-FIRST AFFIRMATIVE DEFENSE**

71. The Amended Complaint fails to provide a basis for the use of the term "asbestos-laden talc" and does not consider the mineralogical distinction between asbestos and talc. The term "asbestos-laden talc" implies that asbestos was an intended ingredient of cosmetic products, which is untrue and Plaintiffs admit the same in the Amended Complaint.

**AS AND FOR A**

**SEVENTY-SECOND AFFIRMATIVE DEFENSE**

72. The Amended Complaint fails to provide a basis for the use of the term "asbestos-containing products" and implies that Defendant called for the inclusion of asbestos in its products, which is untrue and Plaintiffs admit the same in the Amended Complaint.

## CROSS-CLAIMS FOR INDEMNIFICATION AND CONTRIBUTION

Defendant Revlon by way of cross-claims for indemnification and contribution against all defendants named now and in the future says:

## FIRST COUNT

1. If Plaintiffs' sustained damages at the time and place set forth in the Plaintiffs' Amended Complaint through any carelessness, recklessness, and/or negligence other than that of Plaintiffs' themselves, including, but not limited to, the manufacture and distribution of asbestos products, breach of warranty and/or misrepresentation, either expressed or implied, and in strict liability in tort, these damages will have been caused and brought about by reason of the carelessness, recklessness, and/or negligence of the co-defendants not represented by this standard answer.

## SECOND COUNT

2. If Plaintiffs' should recover a judgment against Revlon, by operation of law or otherwise, Revlon will be entitled to judgment, contribution and/or indemnity over and against the co-defendants not represented by this standard answer, their agents, servants and/or employees, by reason of their carelessness, recklessness, and/or negligence for the amount of any such recovery or a portion thereof, in accordance with principles of law regarding apportionment of fault and damages, along with costs, disbursements and reasonable expenses of the investigation and defense of these actions, including reasonable attorneys' fees.

**WHEREFORE**, Revlon demands judgment dismissing Plaintiff's Amended Complaint with costs and disbursements, and in the event of any judgment against Revlon, it demands judgment,

contribution and/or indemnity over and against the co-defendants not represented by this standard answer for the amount of any such recovery or a portion thereof, in accordance with the principles of law regarding apportionment of fault and damages, along with costs and disbursements, including reasonable attorneys' fees.

**ANSWER TO CROSS-CLAIMS AND**

**COUNTERCLAIMS OF ANY PARTY TO THESE ACTIONS**

Revlon by way of answer to any cross-claims or counterclaims asserted by co-defendants states:

1. Revlon denies each and every allegation of the cross-claims and counterclaims asserted against Revlon by any party, including claims for contribution, common law indemnification and contractual indemnification.

Dated: October 23, 2020
New York, New York

**HAWKINS PARNELL & YOUNG,LLP**

Timothy M. McCann, Esq.
Walsy Saez-Aguirre, Esq.
600 Lexington Ave., 8th Fl.
New York, NY 10022
tmccann@hpylaw.com
wsaez@hpylaw.com
(212) 897-9655
Attorneys for Defendant
*Revlon Consumer Products Corporation*