UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
PATRICIA GRAHAM,
                          Plaintiff,

              -v-                                    20-CV-8876 (JPO)

BRISTOL-MYERS SQUIBB                                 ORDER
COMPANY, *et al.*,
                          Defendants.
―――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

    Plaintiff Patricia Graham, alleging she suffered from malignant mesothelioma following inhalation of asbestos fibers from Defendants' products, brought this suit in the Supreme Court of the State of New York, County of New York, which is home to the New York City Asbestos Litigation ("NYCAL"), which permits terminally ill litigants to have their cases heard on an expedited calendar. (*See* Dkt. No. 1-1.) Graham filed the case on October 21, 2020, and on October 23, 2020, Defendant Revlon removed the case to this court before Graham could effectuate service, filing an answer the same day. (Dkt. Nos. 1, 4.)

    On November 16, 2020, Graham moved to voluntarily dismiss the case pursuant to Federal Rule of Civil Procedure 41(a)(2), which allows a court to dismiss "on terms that the court considers proper." Graham seeks to dismiss without prejudice so that she could re-file in the NYCAL on an accelerated docket, explaining that doing so would allow her to receive a trial significantly faster than if her case remains in this Court. (Dkt. No. 16 at 2.) Tragically, Graham died from her illness in December. (Dkt. No. 33 at 1; Dkt. No. 34.)

    While voluntary dismissal is "not a matter of right . . . the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y.

1

2017) (internal quotation marks and citation omitted).  Importantly, "starting a litigation all over again does not constitute legal prejudice." *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936)).  Instead, when "[a] plaintiff retains the right to relitigate the case unconditioned on the defendants' future actions," courts evaluate prejudice by analyzing factors laid out by the Second Circuit in *Zagano v. Fordham Unviersity*. *McDaniel v. Revlon, Inc.*, 20 Civ. 1711, 2020 WL 2133183 (S.D.N.Y. May 5, 2020) (Koeltl, J.) (citing *Zagano*, 900 F.2d 12, 14 (2d Cir. 1990)).  These factors comprise "[1] the plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Id*.

Graham contends that this case is much like *McDaniel*: a "snap" removal in which Defendants would ultimately face little or no prejudice should the case be dismissed.  Examining the *Zagano* factors, the Court agrees.  Graham was diligent in moving to dismiss the case: fewer than 25 days elapsed between removal and Graham's motion, and, during that time, Defendants merely filed a few answers.  "[P]reparation for trial," this is not, and Defendants have expended little in the case.  *Id*.  Graham is not bringing this case or this motion to vex Defendants, but to vindicate her rights and receive compensation for a terminal illness.  And Graham's original explanation – for her case to be heard in a specialized court, in part due to the terminal illness from which she has since died – was more than adequate.  Her counsel's new explanation, that Graham's decedents want to proceed on her state law claims in a court specifically designed to litigate such claims, is admittedly less compelling. (Dkt. No. 33 at 6.)  Nevertheless, taken as a whole, dismissal is warranted under the *Zagano* factors.

Defendants argue that Graham would not necessarily receive an earlier trial in NYCAL due to shutdowns caused by the COVID-19 pandemic, that this Court should consider Defendants' "loss of access to a federal forum" in its prejudice analysis, that the filing of this motion is "unduly vexatious," and that Graham's explanation boils down to a "mere litigation strategy" that should not be credited. (Dkt. No. 29 at 2, 4; Dkt. No. 31 at 7–8.) Given the circumstances of this case, none of these arguments has merit. Beyond pure abstraction, Defendants have failed to demonstrate that they will suffer prejudice from a dismissal in this case, and each of the *Zagano* factors weighs in Graham's favor.

Graham's motion to dismiss the case under Fed. R. Civ. P. 41(a)(2) is GRANTED, and this case is hereby dismissed without prejudice. The two pending motions to dismiss Graham's complaint are DENIED as moot and without prejudice to renewal in state court. The Clerk of Court is respectfully directed to close the motions at Docket Numbers 15, 19, and 25 and to close this case.

SO ORDERED.

Dated: April 7, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge